Sedgwick, J.
The first exception is that the evidence did not support the finding of the referee that the defendant agreed to buy the. goods of the plaintiff ■corporation. The evidence, although meagre on this point, is sufficient to support the referee’s conclusion. So far as there was a conflict of testimony, we have to use that part which the referee must have found was ■entitled to credence. If the minute circumstances that •appear in the case were not enough to show that the defendant knew he was dealing with the corporation, the fact that the bills sent to him named the corporation as seller, and therefore owner, is decisive. This exception must be overruled, on the evidence. We do not, by implication, say that if Banney in fact acted as agent for plaintiff in selling the goods, but did not disclose the agency, the principal is not the proper plaintiff. If there were any offset against Rannev, it would be preserved in a proper case, if pleaded, in an action by the principal.
The exception as to the amount, found due by referee must, for the same reason, be overruled. Not only had the referee a right to rely on the testimony for plaintiff, generally, as to this, but the rendering of the bill for the amount of six hundred and eighty dollars, no dissent being made from it at the time on that account, was a basis for the finding.
There being a difference between plaintiff’s witnesses and defendant’s witnesses as to whether the sale was made upon the terms or conditions stated in the answer, the referee is to be upheld in the conclusion he reached, that the former gave the transaction correctly. Indeed, the letter written by the defendant to the plain *486 tiff’s foreman strongly corroborates, the plaintiff’s position.
In that letter the defendant directed the .foreman to send the. goods to a certain place, and promised to pay the cost of doing it. The referee gave judgment in favor of plaintiff for this in the amount of fifty-seven dollars and. fifty cents. The complaint made mo claim for this. The. testimony does not show that the agreement to pay it was a part of the original contract of purchase. In my opinion, it was a cause of action distinct from the one; on which issue was taken.
For the reason last stated, the judgment should be, reversed, and a new trial ordered, with costs to appellant, to abide event, unless the respondent elects to remit fifty-seven dollars and fifty cents, with interest, • from March 6, 1872, in which case judgment will- be-affirmed without costs to either party.
Monell, Oh. J., and Freedman, J., concurred,